UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ST. LOUIS MOTORSPORTS, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-2694 PLC |
| GAY, JR., ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Pro Motorsports, LLC's motion to dismiss for improper venue pursuant to the doctrine of *forum non conveniens*.[1] (ECF No. 16). Plaintiff St. Louis Motorsports, LLC, d/b/a STL Motorcars ("STL Motorcars") opposes the motion. (ECF No. 20). For the reasons stated below, the Court denies the motion.[2]

*Factual and Procedural Background*

STL Motorcars filed this case in the Circuit Court of the County of St. Louis (ECF No. 5), and Defendant Rudy Gay, with the consent of Pro Motorsports, removed the action to this Court. (ECF No. 2). The facts, as alleged in the petition, are as follows:

STL Motorcars is a Missouri limited liability company that buys, sells, trades, and repairs

---

[1] In its brief in support of the motion to dismiss, Pro Motorsports relies on both the doctrine of *forum non conveniens* and 28 U.S.C. § 1404(a) as the bases for its motion to dismiss for improper venue. (ECF No. 17). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S.Ct. 568, 580 (2013). "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." Id. The Court employs the same analytical framework whether the forum-selection clause at issue points to a federal or state forum. Id.

[2] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 28).

high-end, luxury vehicles. (ECF No. 5 at ¶ 2). Pro Motorsports, also a Missouri limited liability company, represents professional athletes, executives, and companies in transactions in the exotic and luxury car market. (Id. at ¶ 4). In November 2013, Pro Motorsports represented Mr. Gay, a professional basketball player, in the purchase of a 2013 Rolls Royce Phantom Coupe ("Phantom"). (Id. at ¶¶ 6, 9, 10). When Mr. Gay took possession of the Phantom, it was "in pristine condition and had no damage to it whatsoever." (Id. at ¶ 11).

In February 2016, Pro Motorsports, acting as Mr. Gay's agent, offered to sell the Phantom back to STL Motorcars. (Id. at ¶ 15). Pro Motorsports assured STL Motorcars that the Phantom was in "perfect" and "like new" condition, and a March 2016 CarFax vehicle history report and warranty check revealed no accidents or damages. (Id. at ¶¶ 16, 17). STL Motorcars repurchased the Phantom on March 4, 2016 for $250,000. (Id. at ¶19).

The Phantom remained in STL Motorcars' inventory and, in April 2017, STL Motorcars obtained a new CarFax vehicle history report and warranty check. (Id. at ¶¶ 20-21). The April 2017 CarFax report stated that in July 2015, the Phantom sustained extensive damage to its undercarriage. (Id. at ¶ 22). STL Motorcars alleges that "[d]ue to the Phantom's damage history and Defendants' concealment and misrepresentations, STL Motorcars has been unable to sell the Phantom." (Id. at ¶ 27).

In its petition, Plaintiff alleges claims for fraud (Count I) and negligent misrepresentation (Count II) and seeks damages "in an amount exceeding $25,000."[3] (Id.). Pro Motorsports moved to dismiss the case for improper venue pursuant to the doctrine of *forums non conveniens*.

---

[3] In the Notice of Removal, Defendants assert that the instant case satisfies the amount in controversy requirement for diversity jurisdiction because: (1) the face of the petition shows that shows that the damages exceed $75,000; (2) STL Motorcars seeks punitive damages; and (3) STL Motorcars demanded $100,000 from Pro Motorsports to settle its claims. (ECF No. 1 at ¶¶ 13-20).

(ECF No. 16). Pro Motorsports argues that the parties are bound by the forum-selection clause contained in a bill of sale ("Arizona bill of sale"), which stated: "Arizona will be the venue for any and all disputes with said vehicle sold 'as is - not expressly warranted or guaranteed.'" (Id. quoting ECF No. 17-1). Pro Motorsports acknowledges that its copy of the bill of sale does not contain STL Motorcars' signature but argues that "[a] signature is not required in order to show mutuality or assent to the terms of a writing." (ECF No. 17 at 5 n.2 (quoting Heritage Roofing, LLC v. Fischer, 164 S.W.3d 128, 134 (Mo.App.E.D. 2005)).

In support of its motion to dismiss, Pro Motorsports presents a copy of the Arizona bill of sale containing the signature of Pro Motorsports' sole member, Jim Lewis. (ECF No. 17-1). The space for "Buyer's Signature" is blank. (Id.). Pro Motorsports also presents the certificate of title (ECF No. 17-2), signed by both parties, and a "Second Declaration of Jim Lewis," in which he declares that: all "aspects of the negotiations, agreement, and sale with [STL Motorcars] emanated out of Arizona"; Pro Motorsports sent the Arizona bill of sale and certificate of title "along with the Phantom to effectuate the sale"; and STL Motorcars agreed to the purchase of the Phantom, endorsed the certificate of title, and "never objected to any of the terms set forth in the Bill of Sale prior to its performance under the contract." (ECF No. 17-3).

STL Motorcars opposes Pro Motorsports' effort to enforce the forum-selection clause arguing that the Arizona bill of sale was "unexecuted, undelivered and unenforceable." (ECF No. 20). STL Motorcars further argues that venue in the Eastern District of Missouri is proper because: Defendants' alleged fraud and misrepresentations were "made in the course of a transaction entered into by STL Motorcars and Pro Motorsports, both Missouri entities" and "[n]early all of the witnesses and evidence, including the car itself, are located in Missouri." (ECF No. 20 at 2).

3

With its memorandum in opposition to the motion to dismiss, STL Motorcars presents a Missouri Department of Revenue Bill of Sale Form 1957 ("Missouri bill of sale"), executed by both STL Motorcars and Pro Motorsports. (ECF Nos. 20, 20-1). The Missouri bill of sale does not contain a forum -selection clause. In addition, STL Motorcars provided copies of emails exchanged between Mr. Lewis and Leigha Wilkerson, STL Motorcars' business manager. (ECF No. 20-2 at 1-7). The emails reveal that Ms. Wilkerson sent Mr. Lewis a copy of the Missouri bill of sale for his signature on February 25, 2016, and Mr. Lewis returned the signed Missouri bill of sale three days later (Id.).

STL Motorcars also presents declarations of: Graham Hill, a principal and officer of STL Motorcars; and Brian Tull, the STL Motorcars salesperson primarily responsible for the purchase of the Phantom. (ECF Nos. 20-1 at 1-4; 20-2 at 1-3). Mr. Hill averred that neither he "nor anyone else at STL Motorcars has ever seen or received [the Arizona bill of sale] from Pro Motorsports." (ECF No. 20-1 at ¶ 7). Mr. Hill further stated that STL Motorcars "would not have agreed to any agreement or contract with Pro Motorsports regarding the Phantom that required an Arizona venue," and the "actual Bill of Sale for Pro Motorsports' sale of the Phantom to STL Motorcars is an executed, mandatory Missouri Department of Revenue Form 1957, which Mr. Lewis executed and returned to STL Motorcars on or about February 28, 2016." (Id. at ¶¶ 11-12). Mr. Tull attested that the parties never discussed the venue of Arizona, the bill of sale executed for the Phantom was the Missouri bill of sale, and the Arizona bill of sale "was not sent, provided or delivered to STL Motorcars with the Phantom." (ECF No. 20-2 at ¶¶ 5, 8, 12-13).

*Legal Standard*

The doctrine of *forum non conveniens* is the proper mechanism to enforce a forum-

selection clause that implicates a different state or foreign forum. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S.Ct. 568, 580 (2013). The doctrine of *forum non conveniens* permits a district court to decline to exercise jurisdiction and, in turn dismiss a case,

> when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case," even if jurisdiction and proper venue are established.

Am. Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). A district court has broad discretion when deciding whether to grant a motion to dismiss for *forum non conveniens*. Piper Aircraft Co., 454 U.S. at 257.

*Discussion*

Pro Motorsports filed its motion to dismiss STL Motorcars' action pursuant to the doctrine of *forum non conveniens* based on the forum-selection clause contained in the Arizona bill of sales. (ECF No. 17). STL Motorcars counters that the forum-selection clause is unenforceable because STL Motorcars neither received nor executed the Arizona bill of sale. (ECF No. 20).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Const., 134 S.Ct. at 581. "To be enforceable, the [forum-selection] clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust." Shoremaster, Inc. v. Hanson Props., No. 09-1099-CV-W-FJG, 2010 WL 1752160, at *3 (W.D.Mo. May 3, 2010) (quoting Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d

5

592, 596 (Mo.App. 2000)).

The Court must first determine whether the forum-selection clause at issue is valid.[4] See, e.g., Freedom Smokeless, Inc. v. Rapid Dev. Servs., Inc., No. 4:15-CV-771 AGF, 2015 WL 5735201, at *5 (E.D.Mo. Sept. 29, 2015). Pro Motorsports correctly asserts that, under Missouri law, a signature is not required to show mutuality or assent to the terms of the writing. (ECF No. 17 at 5 n.2). However, "in the absence of a signature, the party claiming that a contract was formed must present other evidence to establish its assent to abide by the terms of the agreement." Baier v. Darden Rests., 420 S.W.3d 733, 738 (Mo.App.W.D. 2014). Pro Motorsport's only evidence of mutual assent is Mr. Lewis's declarations that: (1) Pro Motorsports sent STL Motorcars the Arizona bill of sale and certificate of title to along with the Phantom; and (2) STL Motorcars accepted the vehicle, issued payment, endorsed the certificate of title, and never objected to the terms set forth in the Arizona bill of sale. (ECF No. 17-3 at ¶¶ 8-10). Outside Mr. Lewis's declarations, Pro Motorsports presents no evidence that it sent, let alone that STL Motorcars received and acquiesced to, the Arizona bill of sale.

Pro Motorsports has not met its burden to establish STL Motorcars' assent to the forum-selection clause contained in the Arizona bill of sale. The Court therefore holds that the forum-selection clause in the Arizona bill of sale is not a valid and enforceable agreement. Because Pro Motorsports has offered nothing other than the Arizona bill of sale to show why proceeding in Arizona courts would be more appropriate or convenient that it warrants dismissal of the present suit, the Court does not find that the interests of justice would be best served by dismissing this case.

---

[4] It appears that the Eighth Circuit has not settled whether state or federal common law applies to determine the enforceability of a forum-selection clause. See Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pro Motorsport's motion to dismiss for improper venue (ECF No. 16) is **DENIED**.

                                                   _____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2018