UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ST. LOUIS MOTORSPORTS, LLC, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2694 PLC |
| | ) |
| GAY, JR., ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Pro Motorsports, LLC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 35) Plaintiff St. Louis Motorsports, LLC ("STL Motorcars") opposes the motion. For the reasons stated below, the Court denies the motion.

### I.     Factual and Procedural Background

The facts, as alleged in the petition, are as follows: STL Motorcars is a Missouri limited liability company that buys, sells, trades, and repairs high-end, luxury vehicles. (ECF No. 5 at ¶ 2). Pro Motorsports, also a Missouri limited liability company, is a "dealer, marketer and agent for professional athletes, executives and businesses in the exotic and luxury car market." (Id. at ¶ 4) In November 2013, STL Motorcars sold Pro Motorsports a 2013 Rolls Royce Phantom Coupe ("Phantom"). (Id. at ¶¶ 6, 9, 10).

In February 2016, Pro Motorsports offered to sell the Phantom back to STL Motorcars. (Id. at ¶ 15) Pro Motorsports assured STL Motorcars that the Phantom was in "perfect" and "like new" condition, and a March 2016 CarFax vehicle history report and warranty check revealed no accidents or damage to the vehicle. (Id. at ¶¶ 16, 17). STL Motorcars repurchased the Phantom

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 28).

from Pro Motorsports for $250,000. (Id. at ¶19).

In April 2017, STL Motorcars obtained a new CarFax history report and warranty check, which revealed that, in July 2015, the Phantom sustained extensive damage to its undercarriage. (Id. at ¶¶ 20- 22). STL Motorcars alleged that "[d]ue to the Phantom's damage history and Defendants' concealment and misrepresentations, STL Motorcars has a vehicle that is worth substantially less than what it paid for it in March 2016" and "STL Motorcars has been unable to sell the Phantom." (Id. at ¶¶ 27, 28).

STL Motorcars filed this action against Pro Motorsports[2] alleging claims of fraud and negligent misrepresentation. (Id.) STL Motorcars seeks compensatory and punitive damages. (Id.) Pro Motorsports moves to dismiss both claims. (ECF No. 35)

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

---

[2] STL Motorcars also filed this action against Rudy Gay, the professional basketball player who owned the Phantom between November 2013 and February 2016. This Court dismissed STL Motorcars' claims against Rudy Gay for lack of personal jurisdiction. (ECF No. 46)

### III. Discussion

Pro Motorsports moves to dismiss STL Motorcars' claims for fraud and negligent misrepresentation on the ground that the economic loss doctrine bars recovery in tort for economic losses that are contractual in nature. (ECF No. 35) STL Motorcars responds that it did not allege the existence of any sales agreement or contract and that, in any event, STL Motorcars' claims arose from fraud and negligent misrepresentations that "took place prior to and independent of any contractual relationship[.]" [3] (ECF No. 44 at 1)

"The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature." Jacobson Warehouse Co. v. Schnuck Markets, Inc., No. 4:17-CV-764-JAR, 2017 WL 5885669, at *3 (E.D. Mo. Nov. 29, 2017) (citing Trademark Med., LLC v. Birchwood, Labs., Inc., 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014)). "However, while a mere breach of contract does not provide a basis for tort liability, the negligent act or omission which breaches the contract may serve as a basis for an action in tort." Union Elec. Co. v. Chicago Bridge & Iron Co., No. 4:14-CV-31-RWS, 2015 WL 1262941, at *6 (citing Liberty Mut. Fire Ins. Co. v. Centimark Corp., No. 4:08-CV-230, 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008)). See also Jacobson Warehouse, 2017 WL 5885669, at *3; Wise v. HSBC Mortg. Corp., No. 4:15-CV-911-JAR, 2015 WL 6796955, at *4 (E.D. Mo. Nov. 6, 2015); Baily Int'l, Inc. v. Harcros Chems., Inc., No. 4:14-CV-1708, 2015 WL 1781672, at *2 (E.D. Mo. Apr. 15, 2015). Likewise, "[a] fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement." Web Innovations & Tech. Servs., Inc. v. Bridges to Digital Excellence, Inc., 69 F. Supp. 3d 928, 933 (E.D. Mo. Nov. 19, 2014) (quoting AKA Distrib. Co.

---

[3] Because the parties' discussions do not distinguish between the claim for fraud and the claim for negligent misrepresentation, the Court addresses them together.

v. Whirlpool Corp., 137 F.3d 1083, 1086 (8th Cir. 1998)). See also Robinson Mech.Contractors, Inc. v. PTC Grp. Holdings Corp., No. 1:15-CV-77-SNLJ, 2017 WL 3970602, at *4 (E.D. Mo. Sept. 8, 2018); Anderson v. Ford Motor Co., No. 17-3244-CV-S-BP, 2017 WL 6733972, at *4 (W.D. Mo. Dec. 29, 2017).

In its petition, STL Motorcars alleged that: (1) Pro Motorsports represented to STL Motorcars that the Phantom was in perfect condition and failed to disclose damage sustained by the Phantom; (2) Pro Motorsports knew the representations were false; (3) Pro Motorsports made those representations and failed to disclose the damage with the intent that STL Motorcars would rely upon them in purchasing the Phantom; (4) STL Motorcars reasonably relied on those representations and the representations and undisclosed facts were material to STL Motorcars' decision to purchase the Phantom; and (5) as a result, STL Motorcars suffered damages. (ECF No. 5 at 7-8) In regard to its claim for negligent misrepresentation, STL Motorcars alleged that, Pro Motorsports "failed to exercise reasonable care or competence in obtaining, verifying, and subsequently communicating this information [about the Phantom's condition] to STL Motorcars." (ECF No. 5 at 9) Because this claim is based upon conduct that preceded the transaction, "it would be premature for this Court to find that [STL Motorcars'] claims arise solely in contract." Baily Int'l, 2015 WL 1781672, at *2.

Pro Motorsports argues that, because the representations at issue related to the "quality or safety of the goods sold," Plaintiff's claims are "substantially redundant with warranty claims," and are therefore barred by the economic loss doctrine. Pro Motorsports primarily relies upon Nestle Purina Petcare Co. v. Blue Buffalo Co. Ltd., 181 F.Supp.3d 618, 639 (E.D. Mo. 2016) and Dannix Painting, LLC v. Sherwin-Williams Co., 732 F.3d 902, 905 (8th Cir. 2013).

In Nestle Purina, the plaintiff alleged that: it had a sales contract with the defendant; the

defendant made material, false representations relating to the type and quality of the product it sold to the plaintiff; and "the contract was breached because of the misrepresentations about the quality of the product sold." Id. at 638, 639, 641. The Eastern District determined that, because the misrepresentations were not "independent of the contract," the economic loss doctrine barred the plaintiff's fraud claim. Id. Nestle Purina is distinguishable because the parties did not dispute the existence of a contract and the pleadings established that the alleged fraudulent misrepresentations breached the contract. In the instant case, STL Motorcars pleaded neither the existence of a contract nor a breach of contract.

As in Nestle Purina, the underlying claim in Dannix arose from a product defect. In Dannix, the plaintiff alleged that the defendant failed to exercise reasonable care or competence when it recommended an unsuitable or defective paint product. 732 F.3d at 904. The Eighth Circuit affirmed dismissal of the plaintiff's negligent misrepresentation claim because the plaintiff's claim that the paint did not adhere was essentially an action for breach of warranty. Id. at 909. Unlike the defendant in Dannix, Pro Motorsports does not allege that STL Motorcars had a remedy for breach of warranty. For purposes of this motion to dismiss, the pleadings do not establish that the alleged misrepresentations relating to the Phantom were in fact contractual terms. See e.g., Robinson Mech., 2017 WL 3970602, at *4-5.

Accepting the presented facts as true and construing all inferences in STL Motorcars' favor, STL Motorcars stated plausible claims for relief under theories of fraud and negligent misrepresentation. Pro Motorsports' motion to dismiss Counts I and II of STL Motorcars' petition is denied.

## IV. Conclusion

For the above reasons, the Court finds that the economic loss doctrine does not bar STL Motorcars' claims of fraud and negligent misrepresentation. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Pro Motorsports' motion to dismiss Plaintiff's petition (ECF No. 35) is **DENIED**.

                                            PATRICIA L. COHEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2018